UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

CHRIS MANNAH,

                         Plaintiff,    **COMPLAINT AND**
                                                **JURY DEMAND**

          -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR THERESA    DOCKET #
J. SHORTELL, POLICE OFFICER JOHN BATANUS,
JOHN DOE POLICE OFFICER ##1-3,

                                                   ECF CASE

                      Defendants.

------------------------------------------------------------- x



## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a September 10, 2005 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, assault, battery, and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. Commanding Officer Deputy Inspector Theresa Shortell ("Shortell") was at all times here relevant the commanding officer of the 6th Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Shortell is sued in his individual and official capacities.

11. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual and official capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13. On the night of September 12, 2005, plaintiff was working as a taxi driver. At approximately 10:00 P.M., in the vicinity of Fifth Avenue and Eighth Street, New York, NY, plaintiff was falsely arrested, maliciously prosecuted and subjected to excessive force. In addition, plaintiff was subjected to verbal abuse and harassment regarding his ethnic origin.

14. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

15. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

16. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Violation of his right to Equal Protection under the Law under the Fourteenth Amendment to the United Stated Constitution;

    d. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

e.  Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

f.  Physical pain and suffering;

g.  Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

17. The above paragraphs are here incorporated by reference.

18. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

19. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

20. The above paragraphs are here incorporated by reference.

21. The City, Kelly, and Shortell are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

22. The City, Kelly, and Shortell knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

23. The aforesaid event was not an isolated incident. The City, Kelly, and Shortell have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian

Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid the use of excessive force during an arrest. The City, Kelly, and Shortell are further aware, from the same sources, that NYPD officers routinely assault citizens without fear of reprisal. The City, Kelly, and Shortell fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper force is practiced and incredible testimony goes uncorrected. Additionally, the City, Kelly, and Shortell have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, Kelly, and Shortell are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City, Kelly and Shortell, have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

24. The City, Kelly, and Shortell have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

25. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, Kelly, and Shortell to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

26. Defendants the City, Kelly, and Shortell have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of

their employees, agents or servants in this and in similar cases involving police misconduct.

27. Plaintiff has been damaged as a result of the wrongful, grossly negligent and illegal acts of the City, Kelly, and Shortell.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         May 20, 2008

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY  10007

      Police Commissioner Raymond W. Kelly
      1 Police Plaza
      Room 1406
      New York, NY 10006

      Captain Theresa Shortell
      PSA3
      130 Avenue C
      Brooklyn, NY 11218

      Police Officer John Batanus
      6th Precinct
      233 West 10th Street,
      New York, NY, 10014

Yours, etc.,

*Leo Glickman* (signature)

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY  11217
(718) 852-0507
lglickman@stollglickman.com

7