UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

CHRIS MANNAH,

                              Plaintiff,

               -against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR THERESA
J. SHORTELL, POLICE OFFICER JOHN BATANUS,
JOHN DOE POLICE OFFICER # 1-3,

                           Defendants.

-----------------------------------------------------------------------x

**ANSWER**

**08 CV 4750 (DLC)**

JURY TRIAL DEMANDED

Defendants City of New York, and Raymond Kelly[1], by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint.

        3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek the damages as stated.

        4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action and to invoke pendent and supplementary jurisdiction of the Court as stated therein.

---

[1] Upon information and belief, defendant John Batanus has not yet been served with process in this action and defendant Theresa Shortell's time to respond to the complaint has not yet expired.

5.    Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as stated therein.

6.    Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.    Admit the allegations set forth in paragraph "8" of the complaint.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department and that plaintiff purports to sue him as stated therein.

10.    Deny the allegations set forth in paragraph "10" of the complaint, except admit that Theresa Shortell was employed by the City of New York as a police officer and plaintiff purports to sue her as stated therein.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11 of the complaint, except admit that John Batanus was employed by the City of New York as a police officer and plaintiff purports to sue him as stated therein.

12.    Paragraph "12" of the complaint contains conclusions of law rather then averments of fact and accordingly requires no response.

13.    Deny the allegations set forth in paragraph "13" of the complaint.

14.    Deny the allegations set forth in paragraph "14" of the complaint.

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.    Deny the allegations set forth in paragraph "16" of the complaint, including all subparts thereto.

17.    In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "16" inclusive of this answer, as if fully set forth herein.

18.    Deny the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "19" inclusive of this answer, as if fully set forth herein.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny the allegations set forth in paragraph "22" of the complaint.

23.    Deny the allegations set forth in paragraph "23" of the complaint.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

25.    Deny the allegations set forth in paragraph "25" of the complaint.

26.    Deny the allegations set forth in paragraph "26" of the complaint.

27.    Deny the allegations set forth in paragraph "27" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

28.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

29.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

- 3 -

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

30.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

31.    Defendant Kelly has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

32.    Plaintiff may have failed to comply with the conditions precedent to suit under State Law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

33.    At all times relevant to the incident, defendants acted reasonably, in the proper, lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

34.    Plaintiff provoked any incident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

35.    Plaintiff's claims may be barred in part by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

36.    There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

37.    Plaintiff's claims may be barred in part by the doctrines of *res judicata* and/or *collateral estoppel*.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

38.    At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  Therefore the City of New York is entitled to governmental immunity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

39.    Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

40.    Defendant Kelly was not personally involved in the incident(s) alleged in the complaint.

**WHEREFORE,** defendants City of New York and Raymond Kelly request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
             August 12, 2008

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                        City of New York
                                      Attorney for Defendants City of New York and Kelly
                                      100 Church Street, Room 3-212
                                      New York, New York 10007
                                      (212) 788-1895

                                By:    _____
                                        Jessica T. Cohen (JC 0044)
                                        Assistant Corporation Counsel

cc:  Leo Glickman, Esq.
      Stoll, Glickman and Bellina
      71 Nevins St.
      Brooklyn, New York 11217 (via ECF)

- 6 -

Index No. **08 CV 4750 (DLC)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRIS MANNAH,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR
THERESA J. SHORTELL, POLICE OFFICER
JOHN BATANUS, JOHN DOE POLICE
OFFICER # 1-3,

                                        Defendants.

---

**ANSWER**

---

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Jessica T. Cohen*
*Tel:  (212) 788-1895*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................................................... , 200...*

*................................................................................................... Esq.*

*Attorney for ...........................................................................................*